IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| STEPHANIE VROOM, individually, and on behalf of a class of others similarly situated,<br><br>     Plaintiff,<br><br>V.<br><br>PDL SUPPORT.COM, LLC,<br>Serve via registered agent:<br>FC Missouri Services, Inc.<br>8518 North Palmer Court<br>Kansas City, MO 64157<br><br>JSD STAFFING, INC,<br>Serve via registered agent:<br>FC Missouri Services, Inc.<br>8518 North Palmer Court<br>Kansas City, MO 64157<br><br>JOSHUA MITCHEM,<br>Serve at place of employment:<br>4551 West 107th Street,<br>Overland Park, Kansas 66207<br><br>And<br><br>DUSTIN DENIER,<br>Serve at place of employment:<br>4551 West 107th Street,<br>Overland Park, Kansas 66207<br><br>     Defendants. | Case No.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW, plaintiff Stephanie Vroom, individually and on behalf of other similarly-situated individuals, by and through counsel, and for her Complaint against Defendants hereby states and alleges as follows:

1. Plaintiff brings this action on behalf of herself and others who are similarly situated to remedy the willful failure of Defendants to pay her and others at least minimum wage for all hours worked, overtime wages and for the willful failure to properly administer and pay for breaks.

## JURISDICTION

2. The Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201, *et. seq.*, in relevant part, authorizes court actions by private parties to recover damages for violations of the FLSA's minimum wage and overtime provisions and to enforce the prohibition against retaliation. Jurisdiction over Plaintiff' FLSA claims is based upon Section 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337.

3. This Court has jurisdiction over Plaintiffs' claim under Missouri wage and hour law, and claims for breach of contract and unjust enrichment, pursuant to 28 U.S.C. § 1367, because these state claims are related to the FLSA claims in that they form part of the same case or controversy and relate to employment compensation.

## VENUE

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Individually-named plaintiff Stephanie Vroom ("Vroom" or "Plaintiff") is a resident of Blue Springs, Missouri who worked for Defendants as a loan processor from March 2010 until December 2010. The majority of Plaintiff's employment was spent at Defendants' Missouri office in Jackson County, Missouri. Vroom's consent to become a party-Plaintiff pursuant to 29 U.S.C. § 216(b) is attached hereto as Exhibit A.

6. At all times relevant, Plaintiff was non-exempt from the minimum wage and overtime provisions of the FLSA and held the position of loan processor.

7. Defendant JSD Staffing, Inc., ("JSD") is a Missouri limited liability company, with its last registered principal place of business at 3543 Broadway, Kansas City, Missouri 64111.

8. The current address of defendant PDL Support.com, LLC, ("PDL") is 4551 West 107th Street, Overland Park, Kansas 66207.

9. Before September 2010, the employees of JSD staffing worked out of the 3543 Broadway office. After September 2010, the Defendants moved their staff to the PDL address at West 107th Street in Overland Park, Kansas. PDL and JSD did business in Missouri and other states and continue to do so since Defendants relocated its employees to the Kansas office.

10. Defendant Joshua Mitchem is the CEO of the corporate defendants. Defendant Dustin Denier is a manager of the PDL/JSD employees and other matters. Upon information and belief, Mitchem and Denier, have operational control of PDL and JSD and both are responsible for establishing and enforcing the policies and practices at issue.

11. PDL and JSD are businesses in the financial services industry. Upon information and belief, PDL and JSD contracts with other businesses and provides debt collection services for "payday" loans and other personal loans.

**GENERAL ALLEGATIONS**

12. Plaintiff and other loan processors routinely performed work for which they were not paid. Plaintiff and other loan processors recorded their own hours

3

worked on a daily basis.

13. In order to commence tracking and recording their time-worked each day, Plaintiff and other loan processors had to log onto their respective computers and "time in" to an electronic timekeeping program. The work Plaintiff and other loan processors performed before the scheduled start of a shift was unrecorded and unpaid.

14. When Plaintiff or other loan processors clocked in before their scheduled shift, Defendants altered Plaintiff and other loan processors' time without regard for the fact that such employees had commenced working prior to the scheduled shift. Defendants would cut their employees pre-scheduled work time from the total amount of time worked. Thus, their loan processors went uncompensated for all their hours worked.

15. Defendants further failed to properly administer and pay Plaintiff and other loan processors for break periods that were approximately 15 minutes.

16. Defendants failed to pay Plaintiff and other loan processors for all hours worked by artificially limiting legitimately recorded hours-worked. Specifically, Defendants had an unwritten policy and practice of physically altering Plaintiff and other loan specialists' time records by reducing the number of legitimately recorded hours-worked.

17. Defendants improperly calculated Plaintiff's and other loan processors' overtime pay by failing to factor earned bonuses into Plaintiff's and other loan processors' hourly pay for the pay period and by failing to accurately record and pay Plaintiff and other loan processors for all hours legitimately recorded and worked.

4

## COLLECTIVE AND CLASS ALLEGATIONS

18. The overtime claims identified in this Complaint are brought under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), as an "opt-in" collective action against all Defendants consisting of all current and former PDL and/or JSD hourly employees who have worked for Defendants at any time during the last three years and whose job duties generally consisted of loan processing activities, including taking and reviewing information from persons seeking loans through defendant corporations, contacting banks regarding such individuals, and obtaining approval for such loans.

19. Plaintiff brings Count I (FLSA) as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) (Count I). Plaintiff, individually and on behalf of other similarly-situated current and former employees, seeks relief on a collective basis challenging Defendants' practices of requiring unrecorded work without pay, as well as failing to pay Plaintiff and other similarly-situated employees for all overtime hours worked. The class for the FLSA claims is defined as:

> All current and former PDL and/or JSD hourly employees whose job duties include loan processing activities of collecting and processing information of individuals attempting to secure a loan, contacting financial institutions regarding the individuals seeking such loans, and obtaining approval and/or denial of such loans and who have worked for Defendants at any time during the last three years.

20. Pursuant to 29 U.S.C. § 216(b), FLSA claims may be pursued by those who opt-in to this case.

21. Plaintiff, individually and on behalf of other similarly-situated employees, seeks relief on a collective basis challenging, among other FLSA violations, Defendants' practice of altering records or otherwise failing to accurately record hours worked and

5

failing to pay employees for all hours worked, including overtime compensation, and Defendants' failure to compensate for break periods. The number and identity of other potential opt-in parties yet to opt-in and consent to be an opt-in Plaintiff may be determined from the records of Defendants, and potential opt-in parties may easily and quickly be notified of the pendency of this action.

22. The Missouri wage and hour claims (Mo. Rev. Stat. § 290.500, *et seq*.) (Count II) are brought individually against all Defendants and under Rule 23 of the Federal Rules of Civil Procedure as a Missouri class action consisting of all current and former hourly employees of Defendants whose job duties are the same or similar to the individually-named Plaintiff and who have worked for Defendants at any time during the last three years. Plaintiff individually and on behalf of other similarly-situated employees, seeks relief on a class basis challenging Defendants' failure to pay the class for all overtime wages. The Rule 23 class brought under the Missouri wage and hour statute is defined as:

> All current and former PDL and/or JSD hourly employees whose job duties include loan processing activities of collecting and processing information of individuals attempting to secure a loan, contacting financial institutions regarding the individuals seeking such loans, and obtaining approval and/or denial of such loans and who have worked for Defendants at any time during the last three years.

23. Plaintiff brings the Missouri state law breach of contract claim (Count III), quantum meruit claim (Count IV); and unjust enrichment claim (Count V) as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure against defendants PDL and JSD. Plaintiff, individually and on behalf of other similarly-situated employees, seeks relief on a class basis challenging PDL and JSD's practice of requiring

6

unrecorded and unpaid work and failing to pay Plaintiff and other similarly-situated employees for all overtime hours worked. The Rule 23 class is defined as:

> All current and former PDL and/or JSD hourly employees whose job duties include loan processing activities of collecting and processing information of individuals attempting to secure a loan, contacting financial institutions regarding the individuals seeking such loans, and obtaining approval and/or denial of such loans and who have worked for Defendants at any time during the last five years.

24. Plaintiffs' state law claims (Counts II – Count V) against Defendants satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action.

25. The class satisfies the numerosity standards as it is believed to number over 30. As a result, joinder of all class members in a single action is impracticable. Class members may be informed of the pendency of this class action through direct mail.

26. There are questions of fact and law common to the class that predominate over any questions affecting individual members. The questions of law and fact common to the class arising from PDL and JSD's actions include, without limitation, the following:

    a. Whether class members were compensated for time spent performing work-related tasks before timing-in or after timing-out;

    b. Whether Defendant PDL's compensation policies and practices account for the time class members are actually working;

    c. Whether PDL had a policy and practice of altering time records or otherwise failing to record and compensate class members for all

7

time worked.

        d.      Whether class members were properly compensated for break periods.

27. The aforementioned common questions predominate over any questions affecting individual persons, and a class action is proper as it relates to consistency, economy, efficiency, fairness, and equity.

28. The claims of Stephanie Vroom, the "Class Representative," are typical of those of the class in that class members have been employed in the same or similar positions as Ms. Vroom and were subject to the same or similar unlawful practices.

29. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying results, establish incompatible standards of conduct, and/or substantially impair or impede the ability of class members to protect their interests.

30. Plaintiff Vroom is an adequate representative of the class because her interests do not conflict with the interests of the members of the class she seeks to represent. The interests of the members of the class will be fairly and adequately protected by Ms. Vroom and her undersigned counsel, who have extensive experience in employment and class action lawsuits.

31. Maintenance of this action as a class action is a fair and efficient method for to resolve this controversy. It would be impracticable and undesirable for each member of the class who suffered harm to bring a separate action. Furthermore, the

8

maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine the rights of all class members in conformity with the interest of efficiency and judicial economy.

## COUNT I - FLSA
### (Against All Defendants on Behalf of Individual Plaintiff and All Others Similarly Situated - 29 U.S.C. § 216(b))

32. Plaintiff realleges and incorporates by reference each and every averment of this Complaint as though fully set forth herein.

33. At all times material herein, Plaintiff and other similarly-situated employees have been entitled to the rights, protections and benefits provided under the FLSA, 29 U.S.C. § 201, *et. seq*.

34. The FLSA regulates, among other things, the payment of minimum wages and overtime compensation by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

35. Defendants PDL and JSD are subject to the minimum wage and overtime pay requirements of the FLSA because they are enterprises engaged in commerce and their employees are engaged in commerce.

36. The individual defendants Mitchem and Denier are is owners and or managers of PDL and JSD who possess operational control over PDL and JSD and are responsible for establishing and enforcing the policies and practices at issue, thus are subject to the FLSA.

37. Defendants violated the FLSA by failing to pay employees for hours worked and failing to properly pay employees for overtime, and by failing to properly administer and pay for breaks. In the course of perpetrating these unlawful practices, Defendants willfully failed to keep accurate records of all hours worked by employees.

38. Plaintiff and all similarly-situated employees are victims of an unlawful company-wide compensation policy. Defendants continue to apply and enforce this policy and thereby continue to violate the FLSA.

39. Plaintiff and all similarly-situated employees are entitled to damages equal to amount of unpaid wages for the unrecorded and unpaid time-worked and for overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendants acted willfully and knew or showed reckless disregard for the matter of whether its conduct was prohibited.

40. Defendants acted in bad faith and without reasonable grounds to believe their actions and omissions were compliant with the FLSA. As a result thereof, Plaintiff and other similarly-situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described above, pursuant to Section 16(b) of the FLSA. Alternatively, should the Court find Defendants did not act willfully in failing to pay overtime pay, Plaintiff and all similarly-situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

41. As a result of these willful violations of the FLSA's wage and overtime provisions, wages and overtime compensation have been unlawfully withheld by Defendants from Plaintiff and other similarly-situated employees for which Defendants are liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys'

fees and costs of this action.

WHEREFORE, Plaintiff and all similarly-situated employees, demand judgment against Defendants on Count I and pray for: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) for prejudgment and post-judgment interest as provided by law; and (5) for such other relief the Court deems fair and equitable.

### COUNT II - FAILURE TO PAY EARNED WAGES AND OVERTIME PURSUANT TO MO. REV. STAT. § 290.500, *ET SEQ.* (Against All Defendants on Behalf of Individual Plaintiff and All Others Similarly-Situated– Fed. R. Civ. P. 23))

42. Plaintiff realleges and incorporates by reference each and every averment of this Complaint as though fully set forth therein.

43. At all times material herein, Plaintiff and other similarly-situated employees have been entitled to the rights, protections, and benefits provided under the Mo. Rev. Stat. § 290.500, *et seq*.

44. Mo. Rev. Stat. § 290.502 regulates the payment of minimum wages and Mo. Rev. Stat. § 290.505 regulates the payment of overtime compensation by Missouri employers.

45. Defendant PDL and JSD are subject to the minimum wage requirements of Mo. Rev. Stat. § 290.502 and the overtime pay requirements of Mo. Rev. Stat. § 290.505 because they are employers in the state of Missouri under Mo. Rev. Stat. § 290.500(4) and/or Plaintiff and other similarly-situated employees of Defendants are employees under Mo. Rev. Stat. § 290.500(3).

46. Defendants Mitchem and Denier are employers under Mo. Rev. Stat. § 290.500(4) because they are acting and have acted directly and indirectly in the interest

of PDL and/or JSD in relation to Plaintiff and other similarly-situated employees. Defendants Mitchem and Denier are owners/managers of PDL and JSD who possess operational control over PDL and JSD and who are responsible for establishing and enforcing the policies and practices at issue and are thus subject to the requirements of Mo. Rev. Stat. §§ 290.502 and 290.505.

47. Defendants violated Mo. Rev. Stat. §§ 290.502 and 290.505 by failing to properly pay employees for all hours worked and failing to pay employees for overtime. In the course of perpetrating these unlawful practices, Defendants willfully failed to keep accurate records of all hours worked by employees as required by Mo. Rev. Stat. § 290.520.

48. Plaintiff and all similarly situated employees are victims of an unlawful company-wide compensation policy. Defendants PDL and Mitchem and Denier continue to apply and enforce this policy and thereby continue to violate Mo. Rev. Stat. §§ 290.502 and 290.505.

49. Plaintiff and all similarly-situated employees are entitled to damages equal to amount of unpaid wages for the unrecorded and unpaid time-worked and for overtime premium pay within the two years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendants acted willfully and knew or showed reckless disregard for the matter of whether its conduct was prohibited.

50. Defendants acted in bad faith and without reasonable grounds to believe their actions and omissions were compliant with Mo. Rev. Stat. §§ 290.502 and 290.505. As a result thereof, Plaintiff and other similarly-situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime and straight time pay described above, pursuant to Mo. Rev. Stat. §

290.505. Alternatively, should the Court find Defendants did not act willfully in failing to properly compensate Plaintiff and all similarly-situated employees for all compensable time worked.

51. As a result of these willful violations of the wage and overtime provisions under Mo. Rev. Stat. § 290.505, wages and overtime compensation have been unlawfully withheld by Defendants from Plaintiff and other similarly situated employees for which Defendants are liable pursuant to Mo. Rev. Stat. §§ 290.505; 290.527, together with an additional equal amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and costs of this action.

WHEREFORE, Plaintiff, and all similarly-situated employees, demand judgment against Defendants on Count II and pray for: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Mo. Rev. Stat. § 290.527; (4) for prejudgment and post-judgment interest as provided by law; and (5) for such other relief the Court deems fair and equitable.

**COUNT III - BREACH OF CONTRACT**
**(Against Defendants PDL and JSD on Behalf of Individual Plaintiff**
**and All Others Similarly-Situated – Fed. R. Civ. P. 23)**

52. Plaintiff realleges and incorporates by reference each and every averment of this Complaint as though fully set forth herein.

53. An employment agreement existed between each Plaintiff and PDL and JSD and each similarly-situated employee and PDL and JSD, the terms and conditions of which include, but are not limited to, an agreement by each Plaintiff and other similarly-situated employees to perform services for PDL and JSD and an agreement by PDL and JSD to pay Plaintiff and other similarly-situated employees at an agreed hourly rate for all work performed and at a legal rate for the worked performed.

54. The agreements were made between parties capable of contracting and contained mutual obligations and valid consideration. Plaintiff and other similarly-situated employees have performed all conditions precedent, if any, required of Plaintiff and other similarly-situated employees under the agreement.

55. PDL and JSD failed and refused to perform their obligations in accordance with the terms and conditions of the agreement by failing to compensate Plaintiff and other similarly-situated employees for all time worked on behalf of defendants PDL and JSD.

56. Plaintiff and other similarly-situated employees were thereby damaged in an amount to be determined at trial.

WHEREFORE, Plaintiff and all similarly-situated employees, demand judgment against Defendants and pray for: (1) compensatory damages; (2) attorneys' fees and costs; (3) pre-judgment and post-judgment interest as provided by law; and (4) for such other relief the Court deems fair and equitable on Count III of this Complaint.

### COUNT IV – QUANTUM MERUIT
### (Against Defendants PDL and JSD on Behalf of Individual Plaintiff and All Others Similarly-Situated – Fed. R. Civ. P. 23)

57. Plaintiff realleges and incorporates by reference each and every averment of this Complaint as though fully set forth herein.

58. At Defendants' request, Plaintiff and other similarly-situated PDL and JSD employees provided services in the form of work as Loan Processors for Defendants. These services had reasonable value and were performed at an hourly rate.

59. Plaintiff and other similarly-situated PDL and JSD employees regularly would work off the clock and during breaks without being paid. Despite the demands of Plaintiff and other similarly-situated PDL employees, Defendants refused to pay

Plaintiff and other similarly-situated PDL employees the reasonable value of these services performed on Defendants' behalf.

WHEREFORE, Plaintiff prays for judgment against Defendants on Count IV of the Complaint; for an award of compensatory damages; and for such other orders and further relief, including an award of costs and attorney's fees, as this Court deems just and equitable.

### COUNT V– UNJUST ENRICHMENT
### (Against Defendants PDL and JSD on Behalf of Individual Plaintiff and All Others Similarly-Situated – Fed. R. Civ. P. 23)

60. Plaintiff realleges and incorporates by reference each and every averment of this Complaint as though fully set forth herein.

61. Defendants have been enriched through deficient payments received for work performed by Plaintiff and other similarly-situated employees. Defendants were enriched at the expense of Plaintiff and other similarly-situated employees because they were not compensated for their work.

62. Defendants intentionally refused to pay Plaintiff and other similarly-situated employees at the proper regular rate for all hours worked and for time worked in excess of forty hours per week. It was Defendants' policy and practice to alter timekeeping records so that the records did not accurately reflect all the time worked by Plaintiff and other similarly-situated employees. Such wrongful conduct demonstrates bad faith on the part of Defendants.

63. It is unjust for Defendants to retain the benefits from the unpaid work performed by Plaintiff and other similarly-situated employees.

WHEREFORE, Plaintiff prays for judgment against Defendants on Count V of the Complaint; for an award of compensatory damages; and for such other orders and

–15–
Case 4:11-cv-00232-DW   Document 1   Filed 03/01/11   Page 15 of 16

further relief, including an award of costs and attorney's fees, as this Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby requests trial by jury of all issues triable by jury.

Dated: March 1, 2011

Respectfully submitted,

HOLMAN SCHIAVONE, LLC

By /s/ Anne W. Schiavone
    Anne W. Schiavone, Mo. 49349
    Amy P. Maloney, Mo. 48936
    4600 Madison, Suite 810
    Kansas City, Missouri 64112
    Telephone: 816.283.8738
    Fax: 816.283.8739
    ASchiavone@hslawllc.com
    AMaloney@hslawllc.com

ATTORNEYS FOR PLAINTIFF